**WO**                                                                                                           LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George John Szkup, | No. CV 05-2523-PHX-SMM (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

In this civil rights action brought by a former county jail inmate, Defendants moved to dismiss for lack of exhaustion (Doc. ##10, 12). Plaintiff responded, Defendants replied, and Plaintiff filed a sur-response (entitled "Response to Reply") (Doc ##13, 16, 19). The Court will deny the Motion to Dismiss without prejudice.

**I. The Exhaustion Requirement**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Ngo v. Woodford, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of

abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**II. Analysis**

Plaintiff brought a Complaint regarding conditions in the Estrella and Madison Street Jails (Doc. #1). For each of his three counts, Plaintiff alleged that he filed several grievances, but none were returned to him (Id. at 4-6). The Court ordered Defendants Maricopa County Sheriff Joseph Arpaio and Estrella Jail Commander Edward Cesolini to answer (Doc. #5).

Defendants moved to dismiss, contending that because Plaintiff did not pursue any external grievance appeals, he did not satisfy the exhaustion requirement (Doc. #10 at 5 & Tademy Aff. ¶ 4, Doc. #12). They do not admit whether Plaintiff filed any grievances at all,[1] nor do they directly address what Plaintiff should have done when he did not receive any responses.

Defendants have, however, submitted a copy of the jail's policy regarding grievances (Attach. A, Doc. #10). According to the policy, the Maricopa County Jail's grievance system has three separate steps: (1) Detention Grievances, (2) an Institutional Grievance Appeal, and (3) an External Grievance Appeal (Attach. A, Addendum to Policy DJ-3, Doc. #10). The Detention Grievances step involves consideration by detention personnel, then a shift supervisor, and finally a hearing officer (Id. at §§ 4, 6). The Institutional Grievance Appeal is addressed by the jail commander (Id. at § 6-A). If not resolved, the inmate may then appeal externally (Id. at § 6-A-2-b). At every step of the process, an inmate who does not

---

[1] Later, in their Reply, Defendants contend that Plaintiff admitted that he did not file any grievances (Doc. #16). This assertion is unsupported in the record. Plaintiff alleged in his Complaint that he did file grievances, and his Response refers to a grievance he claimed to have filed (Doc. #1 at 4-6; Doc. #13 at 4). Neither party has submitted copies of grievances, and it is unclear whether any exist.

1 receive a response may continue to the next step (Id. at§§ 4-A-3, 4-B-3, 6-A, 6-A-2, Doc.
2 ##10). Plaintiff has not asserted that he was unaware of this policy. Thus, regardless which
3 part of the process had been completed, Plaintiff had an available remedy even though he did
4 not receive a response to his grievance.

5       Plaintiff asserts that he could not complete the process because (1) he had been
6 transferred and (2) the jail's process was futile (Doc. #13 at 3-4; Minnick Aff. ¶ 2, Ex. A,
7 Doc. #15; Doc. #19 at 1-2). The futility argument fails. Although Plaintiff gives several
8 examples of why the process is futile, he has not alleged how these circumstances affected
9 his own ability complete the grievance process (Doc. #13 at 3-4). More important, the
10 Supreme Court has found that futility is not an excuse. See Booth, 532 U.S. at 741 n. 6 ("we
11 will not read futility or other exceptions into statutory exhaustion requirements where
12 Congress has provided otherwise").

13       Plaintiff's contention, however, that he could not complete the process because he was
14 transferred has not been rebutted. Defendants have not addressed this contention at all. They
15 have not, for example, submitted evidence indicating that Plaintiff should have completed
16 the process *before* his transfer. Defendants also have not submitted evidence from a jail
17 official, e.g., stating that the process is still available and that other inmates have filed
18 grievances after being transferred or released. As stated, Defendants bear the burden of
19 demonstrating the remedies that are "available." See Wyatt, 315 F.3d at 1119; Brown, 422
20 F.3d at 936-37. Information provided by the jail to the inmate is pertinent because "it
21 informs our determination" of what remedies are "available." Brown, 422 F.3d at 937. As
22 Plaintiff points out, the jail's policy does not address whether an inmate who has been
23 transferred to the state prison is able to continue to use the jail's administrative process. In
24 a similar situation, at least one other court has found that the process was rendered
25 unavailable. See Bradley v. Washington, ___ F. Supp. 2d ___, 2006 WL 2147606, at *4 (D.
26 D. C. Aug. 2, 2006) (denying motion to dismiss for lack of exhaustion where inmate was
27 transferred from jail to federal system, and jail's grievance procedures made no provision for
28 submission of complaint for persons no longer detained in the jail). Because of the paucity

1  of evidence, Defendants have not shown that the grievance process was available to Plaintiff
2  after his transfer to the state prison. For these reasons, the Court will deny Defendants'
3  motion.
4      **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. #10) is **denied** without
5  prejudice.
6      DATED this 29th day of September, 2006.

Stephen M. McNamee
United States District Judge